## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **DINO N. THEODORE** | ) | |
| **and ACCESS WITH SUCCESS, INC.,** | ) | |
| **Plaintiffs** | ) | **CASE NO.: 1:10-cv-** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **OUTBACK/ NEW ENGLAND-** | ) | |
| **II  LIMITED PARTNERSHIP,** | ) | |
| **Defendant** | ) | |

## COMPLAINT

This action is brought by the plaintiffs to enforce the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12182(b)(2)(iv), against Outback/ New England- II Limited Partnership ("Outback"). The plaintiffs, Dino N. Theodore and Access with Success, Inc. ("AWS") allege that Outback has violated Title III of the ADA.  The plaintiffs seek an Order in the form of a Consent Decree, which requires the Outback to remove architectural barriers in the Lowell, Massachusetts Outback Steakhouse restaurant that it owns and operates.

## PARTIES

1.      The plaintiff, Dino N. Theodore, age 50, is paralyzed from the chest down and requires the use of a wheelchair for ambulation.  He suffered an accidental gunshot wound to the T7 vertebrae in 1981.

2.      Mr. Theodore resides with his wife, son, and daughter at 1305 Methuen Street, Dracut, Massachusetts.  He is a practicing attorney employed by the Department of Industrial Accidents in Massachusetts.  He has been admitted to practice law in Massachusetts since 1993.

3.      Mr. Theodore is a qualified individual with disabilities within the meaning of all applicable statutes, including the ADA, and is disabled within the meaning of the ADA in that he is substantially limited in performing one or more major life activities, including but not limited to walking and standing.  Mr. Theodore always uses a wheelchair for mobility purposes.  He drives a car equipped with hand controls.

4.      The plaintiff, AWS, is a non-profit corporation organized and existing under the laws of the Commonwealth of Massachusetts.  Its members are able-bodied individuals and qualified individuals with disabilities as defined by the ADA.  Scott M. Frotton, age 47, is a founding member of AWS.  Mr. Frotton has T7 paraplegia secondary to a spinal cord injury sustained in a construction site accident in 1998.  Scott Frotton's wife, Tammy Frotton, is also a founding member of AWS.  She is not disabled.  Mr. Frank Salafia, age 73, is a member of AWS.  He is hearing impaired and has a total loss of vision in one eye.  G. David Iverson is a member of AWS.  He is paraplegic due to a gunshot wound he sustained in 1987.  He always uses a wheelchair for ambulation. Michelle A. Downer, age 64, is a member of AWS.  She sustained ruptured lumbar discs in a car accident many years ago and the condition of her lumbar spine has deteriorated to the point where she can stand for brief periods of time, but has not been able to walk for many years.  She almost always uses a wheelchair for ambulation.  Raymond J. Aziz, age 68, is a member of AWS.  Mr. Aziz wears braces on both ankles and frequently walks with a cane.  His condition is secondary to adult onset of diabetes.  Robert Brearley, age 55, is a member of AWS.  He is paraplegic due to an accident in 1980.  He cannot walk and always uses a wheelchair for ambulation.  Daniel Murphy, age 55, is a member of AWS.  Mr. Murphy sustained a C-6 spinal cord injury in a water diving accident in 1974.

2

He is quadriplegic.  He always uses a wheelchair for ambulation.  He drives a vehicle equipped with hand controls.  Alex Malvers, age 60, has cerebral palsy.  He always uses a wheelchair for ambulation.  His speech is affected by cerebral palsy.

5.      The individually named plaintiff, Dino N. Theodore, is also a member and a director of AWS.  There are other members of AWS.  All of the above-named members of AWS, except for Tammy Frotton, are qualified individuals with disabilities within the meaning of the ADA and all other applicable federal and state statutes.

6.      AWS is a civil rights group organized for charitable and educational purposes by individuals with disabilities to advocate for the integration into society of disabled persons and equal access to all services, activities, programs, resources and facilities available to non-disabled persons. Its members are predominantly, but not exclusively, individuals with various physical disabilities impairing mobility, speech, vision and hearing. One of the primary purposes of AWS is to assure that private places of public accommodation are accessible to, and usable by persons with disabilities. AWS seeks to send a clear message that segregated services and inaccessible public accommodations are no longer permitted under the law and can no longer be tolerated.  Outback loses a large customer base by excluding customers who use wheelchairs from the full and equal enjoyment of defendant's restaurant.

7.      Title III of the ADA permits private individuals to bring lawsuits in which they can obtain court orders to stop discrimination on the basis of disability by places of public accommodation.

8.      AWS and its members have suffered direct and indirect injury as a result of the defendant's actions or inactions as described herein. AWS also has been discriminated

against because of its association with Dino Theodore and his claims. The defendant's failure to comply with the ADA adversely affects the organizational purpose of AWS.

9.      The defendant, Outback, is a limited liability company organized under the laws of Florida.  It was registered to do business in Massachusetts on September 14, 1999.  At issue in this case is the defendant's Outback Steakhouse restaurant in Lowell, Massachusetts.

10.     The business address of Outback's principal office in Florida is 2202 N. West Shore Boulevard, 5th Floor, Tampa, Florida 33607.

11.     The general character of Outback's business is the restaurant business.

12.     By January 26, 1992, public accommodations, such as Outback's restaurants, were required to conform to 28 C.F.R. Part 24, "Americans with Disabilities Act Accessibility Guidelines," also known as the "ADAAGs."

14.     Outback's Lowell restaurant is a place of public accommodation subject to the requirements of the Title III of the ADA and the ADAAGs.

15.     The defendant owns and operates a restaurant, which is a public accommodation as defined in Title III of the ADA, 42 U.S.C. § 12181(7) (B), and its implementing regulation at 28 C.F.R. § 36.104.

### SYNOPSIS OF A CAUSE OF ACTION UNDER THE ADA

16.     Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals. In studying the need for such legislation, Congress found that "historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with

disabilities continue to be a serious and pervasive social problem." 42 U.S.C. §

12101(a)(2).

17.    Congress found that the many forms such discrimination takes include "outright

intentional exclusion" as well as the "failure to make modifications to existing facilities

and practices." 42 U.S.C. § 12101(a)(5).

18.    After thoroughly investigating the problem, Congress concluded that there was a

"compelling need" for a "clear and comprehensive national mandate" to eliminate

discrimination against disabled individuals and to integrate them "into the economic and

social mainstream of American life." S. Rep. No. 101-116, p. 20 (1989); H. R. Rep. No.

101-485, pt. 2, p. 50 (1990).

19.    The ADA provides, "No individual shall be discriminated against on the basis of

disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation by any person

who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C.

§ 12182(a).

20.    In order to make a prima facie case under Title III of the ADA, a plaintiff must

prove that (1) he has a disability, (2) defendant's facility is a place of public

accommodation, (3) and he was denied full and equal treatment because of his disability.

21.    The ADA's public accommodations provisions also permit an individual to allege

discrimination based on a reasonable belief that discrimination is about to occur.

22.    A plaintiff with a disability need not engage in the "futile gesture" of attempting

to gain access to each and every feature of a facility or place of public accommodation

where access barriers are known to exist and where the owner or operator does not intend to comply with the provisions of the ADA. 42 U.S.C. § 12188(a)(1).

23.     This case arises out of the defendant's unlawful practice of denying meaningful and equal access to the facilities, goods and services offered at its Outback Steakhouse restaurant in Lowell, Massachusetts to persons with disabilities, such as the plaintiff, Dino N. Theodore.

24.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA.  The regulations are codified at 28 C.F.R. Part 24.  The regulations are known as the "ADAAG's" or the "Americans with Disabilities Act Accessibility Guidelines."

25.     Public accommodations, such as defendant's Outback Steakhouse restaurant, were required to conform to the ADAAG by January 26, 1992.  42 U.S.C. §12181, et seq., and 28 C.F.R. § 36.508(a).

26.     The Outback Steakhouse restaurant in Lowell, Massachusetts must be, but is not, in compliance with the ADA and ADAAG.

27.     The services and accommodations offered by Outback must be, but are not offered on a full and equal basis to able-bodied and disabled persons alike.

## JURISDICTION AND VENUE

28.     The Court has primary jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343 in that this action arises under the laws of the United States and the defendant is subject to personal jurisdiction in that this case arises from Outback's transacting of business in the Commonwealth, Mass. General Laws c. 223A, § 3(a).

29.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), where a substantial part of the events or omissions giving rise to this claim occurred and the property that is the subject of the action is situated.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

30.     On Sunday, February 7, 2010, the plaintiff, Dino Theodore, visited the Outback Steakhouse restaurant in Lowell, Massachusetts.

31.     He was unable to easily park due to lack of signage and a shortage of accessible parking spaces.  He could not safely exit his vehicle as there was an inadequate passenger loading zone to exit a vehicle along the so-called access aisle.  He could not safely enter the building at the Lowell, MA Outback Steakhouse restaurant because the accessible route into the building had numerous cracks and grooves and the curb cut was too steep. There is a lip greater than ½" at the junction of the sidewalk and the surface of the entrance.  The path to the entry door was too narrow and the doors entering the building were heavy and he required assistance opening them.

32.     Once in the building, he could not be seated at the bar because there was no lowered counter section for him to access.  There is no accessible seating anywhere in the restaurant.  He observed that none of the televisions had closed captioning for the hearing impaired.  He had difficulty accessing the men's restroom because the path leading to it was crowded with extra chairs and had a threshold that was covered with an area rug. The door leading into the men's restroom also had a threshold that was too high and the door required greater than five pounds of pressure to open.  The men's room entrance was partially blocked by a stack of high chairs.  Once in the restroom, Mr. Theodore had

a difficult time navigating his way to the designated stall.  Once in the stall, the presence

of a baby-changing table made it difficult for him to maneuver.

33.     Leaving the restaurant, Mr. Theodore observed a "Take out Curbside Take Away"

door.  That door had a step and that area of the building was inaccessible to persons in

wheelchairs.

34.     From time to time, Mr. Theodore takes his daughter and her friends to a local

movie theatre near the Outback Steakhouse on 28 Reiss Avenue, Lowell, MA.  While

waiting for his daughter and her friends to finish watching the movie, Mr. Theodore often

will find a restaurant to sit down and eat while passing the time.  His visit to the

defendant's restaurant in Lowell, Massachusetts on February 7, 2010 was for that

purpose.  He intends to return to this location.

35.     Completely independent of his personal desire to have access to places of public

accommodation free of illegal barriers to access, Mr. Theodore also acts as a "tester" on

behalf of himself, AWS, and other persons with disabilities, for the purpose of

discovering encountering, and engaging discrimination against the disabled in public

accommodations.  When acting as a "tester," Mr. Theodore employs a routine practice.

He personally visits the public accommodation when he knows or where it has been

reported to him that illegal barriers to access exist; engages all of the barriers to access, or

at least all of those that he is able to access; and tests all of those barriers to access to

determine whether and the extent to which there are illegal barriers to access; proceeds

with legal action to enjoin such discrimination; and subsequently returns to the premises

to verify its compliance or non-compliance with the ADA and to otherwise use the public

accommodation as members of the able-bodied community are able to do.  Independent

of other subsequent visits for personal reasons, Mr. Theodore also intends to visit the premises periodically to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

36.     In this instance, the plaintiff, in his individual capacity for personal reasons and as a "tester" visited the defendant's restaurant, encountered barriers to access as described herein, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to wheelchair access at the defendant's place of public accommodation.

37.     Numerous architectural barriers prevent or restrict access to the restaurant owned and operated by Outback to individuals with disabilities, including individuals who use wheelchairs.

38.     Barriers to access at the Outback Steakhouse restaurant in Lowell, Massachusetts include, but are not necessarily limited to:

(a)     Outback has failed to provide adequate accessible car or van parking spaces or passenger loading spaces in conformance with ADAAG 4.1.2(5)(a) and 4.1.2(5)(b).

(b)     Outback has failed to provide adequate signage for accessible car or van parking spaces or passenger-loading spaces as required by ADAAG 4.6.4.

(c)     Outback has failed to provide at least one accessible route complying with ADAAG 4.3 within the boundary of the site from accessible parking spaces and public transportation stops to an accessible building entrance.

(d)     Outback has failed to provide at least one accessible route complying with ADAAG 4.3 between accessible elements and spaces, including the restaurants' main entrances, carry-out entrances, outdoor service counters, and toilet facilities.

(e)     Outback has failed to provide an accessible curb ramp into the building that meets the requirements of a maximum slope of 1:12 as required by ADAAG 4.7.2.

(f)     Outback has failed to provide a surface along an accessible route that is stable, firm, and slip-resistant as required by ADAAG 4.3.6.

(g)     Outback has failed to provide the minimum width requirement of 36" for an accessible route as required by ADAAG 4.3.3.

(h)     Outback has failed to provide interior doors that do not exceed the maximum force allowed of 5 lbs. as required by ADAAG 4.13.11.

(i)     Outback has failed to provide accessible counters that are from 28"- 34" above the finish floor as required by ADAAG 4.32.4.

(j)     Outback has failed to provide at least 5 percent of the tables to be accessible as required by ADAAG 5.1.

(k)     Outback has failed to provide a surface along an accessible route to a restroom that is stable, firm, and slip-resistant as required by ADAAG 4.3.6.

(l)     Outback has failed to provide a threshold in compliance with the requirements of ADAAG 4.13.8.

(m)     Outback has failed to provide doors to the restroom that do not exceed the maximum force allowed of 5 lbs as required by ADAAG 4.13.11.

(n)     Outback has failed to provide adequate clear floor space in the restroom as required by ADAAG 4.23.3.

39.     Although removal of the barriers described above is "readily achievable," as that term is used in 42 U.S.C. § 12182(2)(A)(iv); 28 C.F.R. § 36.304, it appears that Outback is "new construction" within the meaning of the ADA, such that full compliance with ADAAG was required at the time the restaurant was built and opened to the public.

40.     By its actions as described above, the Outback has engaged in discriminatory conduct by failing to build its restaurant in accordance with the ADAAG and/or by failing to remove architectural barriers to accessibility where such removal is readily achievable, as required by 42 U.S.C. §§ 12182(a) and 12182(b)(2)(A)(iv) and 28 C.F.R. § 36.304.

41.     The conduct of the Outback, as described herein, constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. § 12188(b)(1)(B)(i) and 28 C.F.R. §

36.503(a) and constitutes discrimination that raises an issue of general public importance within the meaning of 42 U.S.C. § 12188(b)(1)(B)(ii) and 28 C.F.R. § 36.503(b).

42.     Mr. Theodore wishes to be able to patronize the Outback Steakhouse restaurant in Lowell, MA in the future and enjoy the goods and services offered by Outback on a full and equal basis with non-disabled persons.  He reasonably expects that he will return to the Outback Steakhouse restaurant in Lowell, MA as a patron, but he continues to be denied meaningful access to the restaurant due to the architectural barriers to wheelchair access there.

43.     The defendant has discriminated against the plaintiffs and continues to discriminate against them by denying persons with disabilities access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Outback as prohibited by 42 U.S.C. § 12182(a).

44.      On information and belief, the Outback Steakhouse is new construction within the meaning of the ADA.  Facilities that are designed and constructed for first occupancy after January 26, 1993 are "new construction" under the ADA.   Such places of public accommodation and commercial facilities covered by Title III of the ADA are required by 28 CFR 36.401 and 36.406 to comply fully with the ADAAG.

45.     If the Outback Steakhouse is an altered facility, the plaintiffs allege that the defendant failed to make alterations in such a manner that, to the maximum extent feasible.  42 U.S.C. § 12183(a)(2).

46.     With respect to altered facilities under the ADA, discrimination constitutes "a failure to make alterations in such manner that, to maximum extent feasible, the altered

portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs."  42 U.S.C. § 12183(a)(2).

47.     If the Outback Steakhouse is neither new construction nor an altered facility within the meaning of the ADA, the defendant would be required to remove architectural barriers to wheelchair access to the extent that such modifications would be "readily achievable."

48.     Under 42 USC § 12181(9) the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."

49.     The "readily achievable" requirement is based on the size and resources of the entity.  Larger places of public accommodation, such as the defendant's Outback Steakhouse restaurant in Lowell, MA, with more resources are expected to take a more active role in removing barriers than small places of public accommodation.

50.     Barrier removal is an ongoing obligation.  A place of public accommodation is expected to remove barriers as resources become available.

51.     Despite having available resources, the defendant has not engaged in readily achievable barrier removal at its Lowell, Massachusetts location on an ongoing basis.

52.     The plaintiffs have suffered an injury in fact as a result of the defendant's non-compliance with the ADA.  Mr. Theodore's expectation to patronize the Outback Steakhouse in Lowell, MA in the future creates a real and immediate threat of future injury.

53.     The defendant has failed to adopt an adequate nondiscrimination policy or has failed to update existing policies.

54.     The defendant has failed to train its staff adequately about ADA requirements.

55.     The defendant has failed to modify its policies to accommodate disabled persons.

56.     The defendant has failed to take those steps that may be necessary to ensure that individuals with disabilities are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of reasonable accommodations, auxiliary aids, and services.

57.     The defendant has denied persons with disabilities, such as the plaintiffs, an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that are equal to that afforded to other non-disabled patrons of the Outback Steakhouse in Lowell, MA.

58.     On information and belief, the plaintiffs allege that there are other ADAAG violations present within the Outback Steakhouse in Lowell, MA that will be more fully alleged upon discovery and further inspection.

59.     The actions and initiatives that the defendant has failed to undertake in order to make its facilities and services accessible to persons with disabilities are actions and initiatives that would be readily achievable, required by law, and would greatly assist persons with mobility disabilities at minimal expense to the defendant.

60.     The defendant's conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, the defendant will continue to violate the ADA.  Said conduct, unless enjoined, will continue to inflict injuries for which the plaintiffs have no adequate remedy at law. The injunctive relief requested below will redress the plaintiffs' injury.

61.     The plaintiffs request that the Court will order the defendant to alter the Outback Steakhouse in Lowell, MA by bringing it into full compliance with the ADAAGs,

including the parking areas, general public function areas, public restrooms, transactional

counters, and all other amenities installed for the use of the general public, including

walkways, ramps, and all public entrances, to make the Outback Steakhouse in Lowell,

MA readily accessible to and useable by individuals with disabilities to the extent

required by the Americans with Disabilities Act, C.F.R. Part 36 and award the plaintiffs

appropriate attorneys' fees and costs of this suit as provided by 42 U.S.C. § 12205.

Respectfully submitted,
The Plaintiffs, DINO THEODORE, et al.,

By their Attorneys,


/s/Nicholas S. Guerrera
Nicholas S. Guerrera, BBO#551475
Shaheen Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845
(978) 689-0800
Dated: September 10, 2010              nguerrera@sgolawoffice.com